# STATE OF VERMONT

SUPERIOR COURT
Lamoille Unit

CIVIL DIVISION
Docket No. 77-6-18 Lecv

| Patterson & Smith Construction vs. Fr.Emmanuel (Gr |
|---|

## ENTRY REGARDING MOTION

Count 1, Collection (77-6-18 Lecv)
Count 2, Breach of Contract (77-6-18 Lecv)
Count 3, Collection (77-6-18 Lecv)

FILED

JUN 0 1 2020

VERMONT SUPERIOR COURT
LAMOILLE UNIT

Title:        Motion in Limine (Motion 7)
Filer:        Co-counsel
Attorney:    Susan J. Flynn
Filed Date:    April 2, 2020

Response filed on 04/21/2020 by Attorney Pietro J. Lynn for Defendants

**The motion is GRANTED IN PART.**

Plaintiff seeks to preclude expert testimony, due to failure to disclose an expert witness, on certain claims in Defendants' counterclaim, specifically (1) failure to perform the contract for construction of a domed chapel in a workmanlike manner, (2) failure to comply with the plans and specifications of the contract, and (3) use of an unreasonable amount of time in performing the work. Plaintiff alleges that the testimony of an expert in construction is necessary on these claims.

Defendants assert that expert testimony is not necessary on the specific proposed testimony, and claim that Defendant Fr. Lemelson can testify to (1) deviations from plans and specifications, (2) poor quality of work, (3) untimeliness of work, (4) his efforts to encourage the work to be performed properly, (5) his opinions as property owner regarding the quality of the work, and (6) the diminution in the value of his property based on the corrective work required. Defendants claim that the defects are obvious and not latent, and on page 8-9 of their Opposition and in attached Exhibit A have identified 20 specific topics that they claim do not require expert testimony because they are "obvious errors in construction, not outside the expertise of laypersons."

The court has reviewed these items, and concludes that there are some items that may not require expert testimony in order to be understood by lay jurors, such as items 1, 13, 17. However, most of the items require the specialized knowledge of experts in construction. There are several that require a determination of whether certain aspects of the construction was done in a "workmanlike fashion." Poor workmanship may be visible in some circumstances and

1

not others, but Defendants' argument that all items listed constitute visibly defective work is not persuasive. For example, a lay person is not likely to know whether screws in a certain place were "improperly sited," or whether beams were or were not damaged by water, or whether a skirt in a certain location was "improperly constructed." In those and other circumstances, a layperson could not understand whether technical work was done properly or not; an expert in the field would be needed to assist the jurors in determining whether many of the disputed items were done in a manner that meets the standards of the construction industry for the particular task.

In addition, Defendants allege that Plaintiff took an inordinate amount of time to complete the work, thereby driving up costs and damaging Defendants. Only an expert in construction would have sufficient knowledge, skill, experience, and training to provide the jury with testimony that would assist jurors in understanding the evidence and making a decision as to whether the time spent on the job and charged to Defendants was reasonable or excessive.

It appears that expert testimony would be needed for most, although not necessarily all, of the claims of defective construction and excess time and billing asserted by Defendants. Since no timely expert disclosure was made, Defendants are precluded from calling an expert witness on those claims.

Electronically signed on May 29, 2020 at 04:44 PM pursuant to V.R.E.F. 7(d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Court Judge

Notifications:
Pietro J. Lynn (ERN 3695), Attorney for Defendant Fr.Emmanuel (Gregory) Lemelson
Susan J. Flynn (ERN 3111), Attorney for party 1 Co-counsel
Justin B. Barnard (ERN 7036), Attorney for Plaintiff Patterson & Smith Construction
Carol Pfeiffer (ERN 10817), Attorney for party 1 Co-counsel
Pietro J. Lynn (ERN 3695), Attorney for Defendant Anjeza Lemelson

2